IN THE MATTER OF:                      CHAPTER 13
                                                  CASE NO. 14-41886-MAR
CYNTHIA M ROBERTS,                 JUDGE MARK A RANDON
Debtor.

_____/

## TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

      **NOW COMES** the Chapter 13 Trustee, Krispen S. Carroll, and objects to confirmation of the Chapter 13 Plan in the above matter pursuant to E. D. Mich. LBR 3015-3(a) as follows:

      1.   Trustee requires debtor provide copies of all 2013 W-2s/1099s and a copy of the 2013 income tax return.

      2.   Trustee requires debtor to remit the 2013 income tax refund to the Trustee by a date certain.

      3.   Trustee requests 3 most **recent** pay stubs in order to verify debtor's non-filing spouse's income. Trustee requires the pay stubs to be received by the Trustee immediately.

      4.   Trustee requests pay stubs from January to present in order to verify debtor's income. Trustee requires the pay stubs to be received by the Trustee immediately.

      5.   Trustee requests that debtor provide a complete copy of her 2012 income tax return including Schedules B, D, E and the statement for Line 21.

      6.   Trustee requests documentation of the loan balance and payoff date for debtor's 401(k) loan.

      7.   Upon the completion of direct payments to the 401(k) loan repayment, the debtor will have additional funds to devote to payments into the Chapter 13 Plan through the Trustee thereby increasing the debtor's best effort payments.

      8.   The Trustee objects to the following expenses of the debtor (Schedule J) as excessive and unreasonable affecting the net disposable income available to fund the Plan in contravention of 11 USC 1325(a)(3) and/or 11 USC 1325(b):

          a.   Telephone, cell phone, Internet, satellite, and cable services - $450.00

          b.   Food and housekeeping supplies - $1,300.00

          c.   Clothing, laundry, and dry cleaning - $270.00

          d.   Entertainment, clubs, recreation, newspapers, magazines, and books- $125.00

          e.   Husband's car payment - $1,100.00

          f.   Husband's student loan - $466.00

9. Trustee believes debtor's non-filing spouse's car payment is excessive and unreasonable. Trustee objects to the debtor's support of her non-filing spouse to the detriment of her unsecured creditors where debtor's non-filing spouse is exceeding his pro-rata portion of the household income. As debtor's non-filing spouse's income is 62% of the total household income, the non-filing spouse should be covering 62% of the household bills based upon a $500.00 per month auto installment payment. Accordingly, Trustee requires debtor increase best effort by $306.00.

10. Trustee requires verification of debtor's non-filing spouse's car and student loan obligations.

11. Trustee objects to debtor's failure to accurately respond to paragraph 7 of the Statement of Financial Affairs as the debtor does make charitable contributions pursuant to Schedule J.

12. The Trustee objects to Line 28 of the Means Test as the amount exceeds debtor's actual deduction disclosed on Schedule I and/or actual expense disclosed on Schedule J and affects the disposable income determination.

13. The Trustee objects to Line 30 of the Means Test as the amount exceeds debtor's actual expense and affects the disposable income determination.

14. The Trustee objects to debtor's deduction on Line 31 of the Means Test as the amount exceeds the debtor's current contributions and the amounts required to repay loans and affects the disposable income determination. Trustee requests documentation regarding the pay off amount and dates for debtor's 401(k) loans. Upon the completion of direct payments to the 401(k) loan repayment, the debtor will have additional funds to devote to payments into the Chapter 13 Plan through the Trustee thereby increasing the debtor's best effort payments. *See* In re Lasowski, 575 F.3d 815 (8th Cir. 2009).

15. The Trustee objects to the deduction on Line 37 of the Means Test as it appears the amount includes basic and/or cell phone service which is not allowed or other telecommunication services not necessary for the health and welfare of the debtor or dependents of the debtor.

16. The Trustee objects to debtor's deduction on Line 47a of the Means Test as debtor has filed an adversary complaint or seeks to strip the lien of Greentree alleging that the claim is wholly unsecured. Pursuant to Blaies v. Carroll, 436 B.R. 35 (E.D. Mich. 2010), debtor's deduction is impermissible and affects the disposable income determination.

17. Trustee objects to the amount listed on Line 50a of the Means Test as it exceeds debtors' Plan payment and affects the disposable income determination.

18. Subject to adjustment based upon the Trustee's objections to other line items, Trustee objects to debtor's failure to propose payment of $9,812.40 to unsecured creditors, as debtor's Monthly Disposable Income under 11 U.S.C. § 1325(b)(2) is $163.54, which when multiplied by the applicable 60 month commitment period yields $9,812.40, which exceeds the amount available to unsecured creditors as disclosed on Line 8 of the Worksheet in the amount of $4,523.60.

19. Trustee requires the Means Test dividend be specified in any Order Confirming Plan.

20. Trustee requires two years of statements relating to debtor's Primerica Roth IRA and documentation as to the value and ownership of debtor's interest in American Enterprise Investment Services, Inc.

21. Upon the completion of direct payments on the auto installment purchase, the debtor(s) will have additional funds to devote to payments into the Chapter 13 Plan through the Trustee thereby increasing the debtor's best effort payments.

22. In light of the addition of the investment account, the value of property to be distributed under the Plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7, contrary to 11 U.S.C. § 1325(a)(4). It appears the minimum dividend should be $12,725.00.

23. The Trustee objects to debtor's failure to respond to paragraphs 18-25 of the Statement of Financial Affairs with respect to debtor's interest in American Enterprise Investment Services, Inc.

**WHEREFORE,** the Chapter 13 Trustee prays this Honorable Court deny confirmation of the debtor's Chapter 13 Plan.

OFFICE OF THE CHAPTER 13 TRUSTEE-DETROIT
Krispen S. Carroll, Chapter 13 Trustee

April 17, 2014

/s/ Margaret Conti Schmidt
KRISPEN S. CARROLL (P49817)
MARGARET CONTI SCHMIDT (P42945)
MARIA GOTSIS (P67107)
719 Griswold Street
1100 Dime Building
Detroit, MI 48226
(313) 962-5035
notice@det13ksc.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

| | |
|---|---|
| IN THE MATTER OF: | CHAPTER 13 |
| | CASE NO. 14-41886-MAR |
| CYNTHIA M ROBERTS, | JUDGE MARK A RANDON |
| Debtor. | |
| _____/ | |

## CERTIFICATE OF MAILING

I hereby certify that on the date indicated below, I electronically filed **TRUSTEE'S OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN** with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

WILLIAM C BABUT
700 TOWNER STE 1
YPSILANTI, MI 48198-5757

and I hereby certify that I have mailed by United States Postal Service the above mentioned documents to the following non-ECF participants:

CYNTHIA M ROBERTS
22502 FOXCROFT
WOODHAVEN, MI 48183-0000

April 17, 2014

      /s/ Shannon L Horton
SHANNON L. HORTON
For the Office of the Chapter 13 Trustee-Detroit
719 Griswold Street
1100 Dime Building
Detroit, MI 48226
313/962-5035
notice@det13ksc.com